# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MARION WALLACE RUNS THROUGH, JR., Defendant. | CR 15-07-GF-BMM-JTJ **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Marion Wallace Runs Through, Jr. (Runs Through) has been accused of violating the conditions of his supervised release. Runs Through admitted all of the alleged violations, except one. Runs Through's supervised release should be revoked. Runs Through should receive a term of custody of 4 months, with 32 months of supervised release to follow.

## II. Status

Runs Through Kipp pleaded guilty to Assault Resulting in Serious Bodily Injury on April 2, 2015. (Doc. 22). The Court sentenced Runs Through to 48 months of custody, followed by 3 years of supervised release. (Doc. 30). Runs Through's current term of supervised release began on October 16, 2018. (Doc. 35

at 1).

**Petition**

The United States Probation Office filed a Petition on December 17, 2018, requesting that the Court revoke Runs Through's supervised release. (Doc. 35). The Petition alleges that Runs Through violated the conditions of his supervised release: 1) by committing another crime; and 2) by consuming alcohol on two occasions. (Doc. 35 at 2). United States District Court Judge Brian Morris issued a warrant for Runs Through's arrest.

**Initial appearance**

Runs Through appeared before the undersigned for his initial appearance on February 6, 2019. Runs Through was represented by counsel. Runs Through stated that he had read the petition and that he understood the allegations. Runs Through waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 6, 2019. Runs Through admitted that he had violated the conditions of his supervised release by consuming alcohol. The government made no attempt to prove that Runs Through committed another crime. The violations are serious and warrant revocation of

Runs Through's supervised release.

Runs Through's violations are Grade C violations. Runs Through's criminal history category is II. Runs Through's underlying offense is a Class C felony. Runs Through could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Runs Through's supervised release should be revoked. Runs Through should be incarcerated for 4 months, with 32 months of supervised release to follow. Runs Through should be required to participate in and complete a program of alcohol abuse treatment while on supervised release. Runs Through should be required to pay part or all of the cost of this treatment, as determined by the United States Probation Office. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Runs Through that the above sentence would be recommended to Judge Morris. The Court also informed Runs Through of his right to object to these Findings and Recommendations within 14 days of their

issuance. The Court explained to Runs Through that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Runs Through stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a district court judge.

The Court **FINDS:**

>That Marion Walls Runs Through, Jr. violated the conditions of his supervised release by consuming alcohol.

The Court **RECOMMENDS:**

>That the District Court revoke Runs Through's supervised release and commit Runs Through to the custody of the United States Bureau of Prisons for a term of imprisonment of 4 months, with 32 months of supervised release to follow.

>Runs Through should be required to participate in and complete a program of alcohol abuse treatment while on supervised release. Runs Through should be required to pay part or all of the cost of this treatment, as determined by the United States Probation Office.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which

objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of February, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge